UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1999A16477 |
|---|---|---|
| vs. | § § § | |
| Deborah D. Taylor | § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 2592 Cadillac Blvd., Detroit, Michigan 48214.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,573.65 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,597.07 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$4,170.72** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Deborah D. Taylor
AKA: Ms. Deborah Taylor
10333 E. Outer Drive
Detroit, MI 48224
SSN:

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below, plus additional interest from 09/10/99.

On or about 10/19/84, the borrower executed promissory note(s) to secure the loan(s) of $1500.00 from Michigan Higher Education Assistance Authority, Lansing, MI at 8.00 percent interest per annum. This loan obligation was guaranteed by the Michigan Higher Education Assistance Authority and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 01/23/86, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1500.00 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 06/09/98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of those payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1573.65 |
| Interest: | $995.82 |
| Administrative Costs: | $0.00 |
| Late fees: | $0.00 |
| Total debt as of 09/10/99: | $2569.47 |

Interest accrues on the principal shown here at the rate of $0.34 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/16/99         Name: [signature]
            Date                       Loan Analyst, Litigation Branch

FA-4589 E
10/83

Borrower Identification: TAYLOR, DEBORAH D

0 1 3 3 1 3 0 0    * 0    85
                              11847

## MICHIGAN HIGHER EDUCATION STUDENT LOAN AUTHORITY
### STATE DIRECT STUDENT LOAN PROGRAM
#### INTERIM NOTE

Date: OCTOBER 19

On AUGUST 01 19 86 or on such accelerated or extended maturity date as provided for her the undersigned promises to pay to Michigan Higher Education Student Loan Authority hereinafter called the Holder sum of $ 1,500.00 together with interest thereon from the date of disbursement of this loan at the rate of ___ The undersigned, hereinafter called the Maker, shall pay such principal and interest at the office of the Holder in L such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of ,

| ANNUAL INTEREST RATE | COSTS OF LOAN | COMPLETE: MULTIPLE DISBURSEMENT ONLY ||||
|---|---|---|---|---|---|
| The cost of your credit as a yearly rate | $ 25.00 Insurance Premium (1½ per annum of loan amount) | Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Prepaid Finance Char |
| Prior to repayment 8.00 % | $ 75.00 Origination Fee (5% of loan amount) | | | | Insurance Premium / Origin Fe |
| During repayment 3.00 % | $ 100.00 TOTAL COST | First | 11-01-84 | 1500.00 | 25.00 / 75 |
| | | Second | | | |
| | | TOTALS | | 1500.00 | 25.00 / 75, |

0 6 2 7 5 0 9 2 9 4 0

### ACKNOWLEDGEMENT

The Maker acknowledges having read and understood this Interim Note, including the above disclosure statement and the rig on the reverse side, and acknowledges receipt of an exact copy of this Note at the time of execution of the Note. Principal a interest if any, may be paid at maturity or prior to maturity at the option of the Maker by remitting payment in full or Holder of the Note a monthly repayment schedule. The repayment schedule shall call for an interest charge which does not exc on this Note and any cosigner on this Note is equally liable during the repayment period.

The Maker acknowledges, if Maker and Holder agree, an installment repayment schedule may be executed calling for repaymer the maturity date of this Note and for payments which exceed the $600 minimum or five year minimum term. In instances grace period may not be restored; however, the Maker may at any time refinance this Note to the extent that the Maker may of at least five years but not more than ten years.

Costs of Loan: The Maker agrees to pay the Holder, in addition to interest and principal due, an amount equal to the prem required to pay to the Michigan Guaranteed Student Loan Program in order to have the Note covered by its insurance provision immediately due and payable. The Maker further agrees to pay an Origination Fee, authorized by Federal Law. The amount of the the Origination Fee, calculated on the amount of the loan shall be paid at the time of the loan disbursement.

If the loan is disbursed in multiple installments, the amount of Insurance premium shall be calculated on the amount of loan disburs disbursement. The amount of the Origination Fee may at the Holder's option be calculated either on the full amount of the loan expect the amount of loan disbursed at each disbursement.

The Insurance Premium and the Origination Fee are refundable only if the loan check is returned to the Holder uncashed except I multiple installments and the full amount of the Origination Fee is charged on the first installment, the prorated amount of the be refunded if subsequent installments are not made.

Late Charge: If the Holder presents the Maker with a repayment schedule upon maturity of this Note, the Maker agrees to pay a late ment delinquent for a period exceeding ten days in an amount not exceeding 5% of the installment payment or $5.00, whichever shall not be deemed to extend the note due date or to grant any period of grace.

Acceleration: The Maker agrees, (1) If he or she reduces his or her course of study to less than half time status or, (2) transfers to a under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The accelerat 7% loan shall be not less than nine months nor more than twelve months after the date of the occurrence of either event of accele maturity date on a loan with an interest rate greater than 7% shall be six months after the date of the occurrence of either event of ac

Extension: The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that half time enrollment status at a participating school or non-attendance at any school or enrollment at a non-participating schoo maximum grace period, the maturity date of this Note may be extended. The new grace period for loans evidenced by a Note at a 7 not be less than nine months nor more than twelve months following the new completion of studies date. The new grace period fo Note at a rate greater than 7% shall be six months following the new completion of studies date.

Deferment: Once the maturity date of this Note occurs, repayment is required to begin, unless the Maker is eligible and applies and of payments as authorized by Federal Law. Conditions and requirements for deferment are enumerated on the reverse side considered as part of this Note.

Maker: The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendar dance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date and (2) send Holder and to the Michigan Guaranteed Student Loan Program of any changes occurring in enrollment status, home address or event which would cause the Holder to declare this note in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Holder by the Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balan of the Holder, become immediately due and payable without notice on demand and if the Holder shall incur any extra costs or t with collections thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holde for all such sums. In the event of default the Holder may report the default to a credit bureau. The Michigan Guaranteed Student Loa this loan to a collection agency. If this loan is referred to a collection agency, subject to the Fair Debt Collections Practices Act, the to payment of collection costs which do not exceed 25% of the unpaid principal and accrued interest.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960, for the paym though he or she may be under eighteen (18) years of age. No delay on the part of the Holder or Guarantor hereof in exercisir powers, or rights or partial or single exercise thereof, shall constitute a waiver of any of such powers, options, or rights.

The borrower rights, as listed on the reverse side, pertain to this loan and incorporated as part of this Note.

MAKER SIGNATURE _Mrs. Deborah Taylor_

TYPED NAME DEBORAH TAYLOR
PERMANENT ADDRESS:
STREET 5102 CRANE

CITY DETROIT    STATE MICHIGAN    ZIP 4821

### NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance even the undersigned Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Authorit for, and set over unto the Michigan Higher Education Assistance Authority its interest in this note. WACHOVIA SERVICES, INC., OCT 3 1 1985 thorized agent of the State Direct Student Loan Program,

_Richard Zei_
ROBERT ZIER Asst. Vice Pres.
Date: 6-28-86

MICHIGAN HIGHER EDUCATION ASSISTANCE .

Authorized Official _Patricia Cann_

BEST COPY AVAILABLE AT TIME OF IMAGING

> CERTIFY UNDER PENALTY OF
> PERJURY THAT THIS IS A TRUE
> AND EXACT COPY OF THE
> ORIGINAL PROMISSORY NOTE
> _[signature]_  9/10/99
> NAME                    DATE